IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02576-DME-BNB

LUCY LOPEZ,

Plaintiff,

v.

SERVICESOURCE NETWORK, and
SERVICESOURCE INC.,

Defendants.
_____

**ORDER**
_____

This matter arise on **Defendant's Motion to Drop Nonexistent and Unserved Party** [Doc. # 22, filed 4/28/2011] (the "Motion"), which is DENIED.

This action was commenced on October 21, 2010, by the filing of a Complaint [Doc. # 1]. The Complaint names two defendants--ServiceSource Network and ServiceSource Inc. Defendant ServiceSource Inc. states in the Motion that (1) ServiceSource Network has not been served with process despite the passage of more than 120 days since the action was commenced[1] and (2) there is no separate legal entity by the name ServiceSource Network. As relief, ServiceSource, Inc., seeks an order "dropping 'ServiceSource Network' as a party, revising the case caption accordingly, and awarding such other and further relief as the Court deems proper." Motion [Doc. # 22] at pp. 2-3.

---

[1] Rule 4(m), Fed. R. Civ. P., provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In this case, 120 days after commencement of the case was February 18, 2011.

The plaintiff opposes the Motion, arguing that she believes that ServiceSource Network is a separate entity based on information contained on the internet, among other things. There is no explanation as to why service has not been completed against ServiceSource Network, although the plaintiff "requests this Court deny ServiceSource's Motion, and allow Plaintiff to conduct discovery on the issue." Response [Doc. # 25] at ¶10.

There is no provision in the Federal Rules of Civil Procedure for "dropping" parties. Rule 12(b)(5), contemplates motions to dismiss for insufficient service of process, and Rule 12(b)(6) allows dismissal for failure to state a claim upon which relief can be granted.

The plaintiff's failure to perfect service of process by February 18, 2011, could result in the dismissal of the case pursuant to Rule 4(m). That rule provides, however, that a court may as an alternative to dismissal "order that service be made within a specified time," and must on a showing of good cause extend the deadline for service for an appropriate period.

IT IS ORDERED:

1. The Motion [Doc. # 22] is DENIED; and

2. The plaintiff shall complete service of process against defendant ServiceSource Network on or before **June 18, 2011**.

Dated May 25, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge